**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**ROY DEAN PRATT,**

    Petitioner,

        v.                                    **CIVIL ACTION NO. 5:22-CV-194**
                                              Judge Bailey

**R.M. WOLFE,** Warden,

        Respondent.

### REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 15, 2022, the *pro se* petitioner, Roy Dean Pratt ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On August 31, 2022, petitioner submitted his ledger sheets and this Court granted his Motion for Leave to Proceed *in forma pauperis*. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the legality of his conviction and sentence from the United States District Court for the Eastern District of Kentucky. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On April 7, 2015, petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Following a jury trial, petitioner was found guilty on December 2, 2015.  On March 3, 2016, petitioner was sentenced to three-hundred-and twenty-months imprisonment.  The petitioner's current **projected** release date, via good conduct time, is April 29, 2039.

### B. Direct Appeal

On March 5, 2016, petitioner filed a Notice of Appeal.  On appeal, he argued the court impermissibly allowed the introduction of evidence of drug-trafficking activity, there was a lack of sufficient evidence, there was an error in the jury instructions related to the specific firearms he possessed, and the district court erred in enhancing his sentence under the Armed Career Criminal Act ("ACCA").  On July 26, 2017, the Sixth Circuit affirmed petitioner's conviction and sentence.

### C. § 2255

On September 14, 2018, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255.  In his Petition, petitioner raised grounds of ineffective assistance of counsel and challenged the

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  *See **United States v. Pratt**, 7:15-CR-10-DCR-CJS-1 (E.D. Ky. 2016. **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

2

application of the ACCA statutory sentence enhancement and his Sentencing Guideline calculations.  The Petition was denied on March 5, 2019.

### D.  Petitioner's Claims

In the instant Petition, petitioner asserts three grounds for relief.  First, that he is actually innocent—he contends that the evidence at trial demonstrates that he was never in direct or constructive possession of a firearm.  Second, petitioner contends that he no longer qualifies as a career criminal following ***Wooden v. United States***, 142 S.Ct. 1063 (2022).  Third, he challenges the introduction of evidence at trial that witnesses observed him engaged in drug transactions.

### III.    LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal

3

construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

**IV. ANALYSIS**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of

4

§ 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." ***Anderson v. Pettiford***, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. ***In re Vial***, 115 F.3d at 1194, n.5; ***In re Jones***, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. ***Id***.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**.  *See **United States v. Wheeler***, 886 F.3d 415, 428 (4th Cir. 2018); ***In re Jones***, 226 F.3d 328, 333–34 (4th Cir. 2000).  Where, as here, a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[2]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.  The Fourth Circuit has found that the savings clause may apply to certain sentencing challenges.  It explained:

[W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

Although petitioner does not raise the savings clause, it is clear he is not entitled to its application.  Petitioner challenges the validity of both his conviction and sentence, rather than the execution of his sentence.  As such, he must meet the *Jones* test insofar as he challenges his conviction or the *Wheeler* test for his challenge to his sentence in order to bring these challenges under § 2241.

As to his challenge to his conviction, even assuming petitioner satisfied the first and third elements of *Jones*, the crime for which petitioner was convicted, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), remains a criminal offense. Likewise, as to his challenge to his sentence, even assuming petitioner could meet the first, third, and fourth prongs of *Wheeler*, he has not alleged a change in the substantive law which has been deemed to apply retroactively on collateral review.   Accordingly, because petitioner cannot meet the tests under either *Jones* or *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: September 30, 2022.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE