IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROY DEAN PRATT,**

    Petitioner,

v.                                                                    **CIVIL ACTION NO. 5:22-CV-194**
                                                                                                    Judge Bailey

**R.M. WOLFE,** Warden,

    Respondent.

## ORDER

The above referenced case is before this Court upon the magistrate judge's recommendation that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241[Doc. 1] be denied and dismissed with prejudice. See [Doc. 14 at 7].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 14] on October 17, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

**A.     Objections to R&R**

Petitioner objects to the R&R claiming that the R&R omits any discussion or analysis of the petitioner's claims of actual innocence. *See* [Doc. 16].

As Magistrate Judge Mazzone discussed:

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's saving clause permits petitioners to bring a collateral

attack pursuant to 28 U.S.C. § 2241. *In re Vial*, 115 F.3d 1192, 1194, n.5 (4th Cir. 1997); *In re Jones*, 226 F.328, 333 (4 Cir. 2000). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id.*

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) saving clause. Which test to be applied depends on whether the petitioner is challenging the legality of his conviction of the legality of his sentence. See *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 228, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provision of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. The Fourth Circuit has found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the

3

> legality of a sentence when: (1) at the time of sentencing, settled law of this circuit of the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.
>
> *United States v. Wheeler*, 886 F.3d at 429. Because the requirements of the saving clause are jurisdictional, § 2241 petitioner relying on the § 2255(e) saving clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See *Wheeler*, 886 F.3d at 423–26.
>
> Although petitioner does not raise the savings clause, it is clear he is not entitled to its application. Petitioner challenged the validity of both his conviction and sentence, rather than the execution of his sentence. As such, he must meet the *Jones* test insofar as he challenges his conviction or the *Wheeler* test for his challenge to his sentence in order to bring these challenges under § 2241.

[Doc. 14 at 5–6]. As such, this Court finds Magistrate Judge Mazzone correctly concluded that "because petitioner cannot meet the tests under either *Jones* or *Wheeler*, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition." [Id. at 7]. Thus, petitioner's objection fails.

The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled

action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, petitioner's objections [**Doc. 16**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 14**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that petitioner's § 2241 Petition for a Writ of Habeas Corpus [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk is hereby **DIRECTED** to **STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October 24, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE